IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BENTON MILEY | § | |
| VS. | § | CIVIL ACTION NO.  1:06cv15 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION

Movant Benton Miley, a federal prisoner, proceeding through counsel, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background

On December 10, 1991, a jury in the Eastern District of Texas found movant guilty of the following charges: conspiring, in violation of 21 U.S.C. § 846, to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1); possession of ephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(d)(1); possession of a firearm in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c); possession of an unregistered firearm, in violation of 26 U.S.C. § 5861; and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  On February 20, 1992, movant was sentenced to life imprisonment for conspiracy to manufacture methamphetamine.  He also received 120 months consecutive confinement for possessing a firearm in relation to a drug trafficking crime and 120 months concurrent confinement for each of the remaining counts.

The United States Court of Appeals for the Fifth Circuit affirmed the judgment on direct appeal.  *United States v. Miley*, 981 F.2d 1256 (5th Cir. 1992) (unpublished).  Movant's petition for

writ of certiorari was denied by the United States Supreme Court in *Miley v. United States*, 508 U.S. 925 (1993).

On October 18, 1995, movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The motion was denied.  *Miley v. United States*, No. 1:95cv938 (E.D. Tex. Dec. 4, 1996).  The judgment was affirmed on appeal.  *Miley v. United States*, No. 97-40003 (5th Cir. June 18, 1998) (unpublished).  On August 13, 2001, the Fifth Circuit denied movant's request for an order authorizing this court to consider a successive Section 2255 motion.  *In re Miley*, No. 1-40756 (5th Cir. Aug. 13, 2001).

Analysis

Title 28 U.S.C. § 2255 requires a prisoner to seek certification from the court of appeals prior to bringing a second or successive motion to vacate sentence.  The statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255.[1]  The court of appeals will only grant authorization if the second or successive motion contains "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C § 2255.

This is movant's second motion to vacate, set aside, or correct sentence.  Therefore, he was required to seek authorization from the Fifth Circuit before filing this motion.  However, movant has

---

[1] Section 2255 requires certification of second or successive motions by the court of appeals as provided in Section 2244.  28 U.S.C. § 2255.

not received authorization to file this motion. Accordingly, this motion to vacate, set aside, or correct sentence should be dismissed without prejudice to movant's ability to file his motion after he receives authorization from the United States Court of Appeals for the Fifth Circuit.

    A final judgment will be entered in accordance with this Memorandum Opinion.

**SIGNED** this 23 day of January, 2006.

                                          RICHARD A. SCHELL
                                          UNITED STATES DISTRICT JUDGE